AO 91 (Rev.5/85) - Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

UNITED STATES OF AMERICA

V.

David Louis Behar
Lindsay Robin Hogue
Tara Bergstrand, and
John Roger Lagace
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

**FILED**

NOV 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CASE NUMBER: CR07-70709 HRL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 29, 2007__ in __Santa Clara__ county, in the __Northern__ District of __California__ defendant(s) did, (Track Statutory Language of Offense) knowingly and intentionally conspire to possess with intent to distribute lysergic acid diethylamide, commonly known as LSD,

In violation of Title __21__ United States Code, Section(s) __841(a)(1), 841(b)(1)(B)(v), and 846__. I further state that I am a(n) __Special Agent, DEA__ and that this complaint is based on the following facts.

SEE ATTACHED AFFIDAVIT

PENALTIES: $2,000,000.00 fine, forty (40) years imprisonment with a minimum mandatory term of five (5) years imprisonment, $100.00 special assessment fee, and at least four (4) years of supervised release with no maximum.

APPROVED AS TO FORM: _____
                              ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

11/30/07
Date

at San Jose, California
   City and State

Howard R. Lloyd
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

DOCUMENT NO.    CSA's INITIALS

DISTRICT COURT
CRIMINAL CASE PROCESSING

# AFFIDAVIT OF MICHAEL K. ROBINSON IN SUPPORT OF COMPLAINT

## I. INTRODUCTION AND PERSONAL QUALIFICATIONS

I, Michael K. Robinson, being duly sworn, state as follows:

I am and have been a Special Agent of the United States Department of Justice, Drug Enforcement Administration (DEA) since June, 1997. I have received formal training at the Drug Enforcement Administration Basic Agent Training, Quantico, Virginia. The sixteen-week DEA Basic Academy included several hundred hours of comprehensive, formalized instruction in, but not limited to, basic narcotic investigations, drug identification, detection, interdiction, familiarization with United States narcotic laws, financial investigations and money laundering, identification and seizure of drug related assets, and undercover operations.

I have also completed a three-day money laundering course in San Jose, CA. This course included, but was not limited to, investigative techniques to detect structured bank account deposits, the use of dummy corporations to hide income, and methods traffickers use to commingle illegal proceeds with legal income.

Since August of 1997 I have been assigned to the DEA San Jose Resident Office. During this time, I have conducted or participated in more than 100 narcotics investigations, including conspiracies to distribute (21 U.S.C. § 846) LSD (Lysergic acid diethylamide) and the distribution of LSD (21 U.S.C. § 841).

I have spoken to, and worked with, more experienced federal, state, and municipal narcotics agents and officers. During the course of my employment as a DEA Special Agent, I have participated in numerous investigations of illicit drug trafficking organizations. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. These investigations include the unlawful importation, possession with intent to distribute, and distribution of controlled substances, as well as the related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities,

1

and conspiracies associated with criminal narcotics offenses, in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

I have participated in over 100 controlled substance investigations and have personally been involved in the arrest of over 70 persons for controlled substance offenses. I have attended several training schools and seminars involving narcotics investigations.

I make this affidavit in support of a criminal complaint against David Behar, Lindsay Hogue, Tara Bergstand, and John Lagace for a violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(B)(v) and 846, conspiracy to possess with intent to distribute Lysergic Acid Diethylamide (also known as LSD).

## II.  FACTS SUPPORTING PROBABLE CAUSE

The application for this complaint results from an investigation conducted by DEA agents of an individual known as "Wavy Davy," later identified as David Louis Behar regarding the distribution of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(v) and 846.

On November 28, 2007, DEA agents debriefed a Confidential Source (CS) regarding the LSD trafficking activities of "Wavy Davy," later identified as David Louis Behar and hereafter referred to as David Behar. The CS's criminal history consists of a misdemeanor conviction for possession of a controlled substance, and a second degree burglary felony conviction for which he is currently on state probation. The CS will receive financial compensation from the Drug Enforcement Administration (DEA) for his participation in this event. The CS reported to the DEA that David Behar distributes several types of controlled substances, including, Dimetyltryptamine (DMT), a Schedule I Controlled Substance and a hallucinogenic. The CS described DMT as an "orange goo." At the instruction of the DEA agents, the CS negotiated the purchase of five (5) grams of LSD in crystal form for a third party -- a DEA agent acting in an undercover capacity -- from David Behar for $82,500.00 ($16,500.00 per gram) on November 29, 2007. The CS later reported that David Behar informed the CS that David Behar was

2

currently in San Francisco, California, and would need to travel to Santa Cruz, California to pick up the five (5) grams of LSD in crystal form.

On November 29, 2007, DEA agents met with the CS and witnessed a series of phone calls between the CS and David Behar. During these calls, the CS was instructed by DEA agents to meet David Behar at the Home Depot Store located at 480 E. Hamilton Ave., Campbell, California, ostensibly to allow the undercover agent to meet Behar. This location was agreed upon because the location was on the way to Santa Cruz.

At approximately 11:27 a.m., agents established surveillance in the area of the Home Depot Store parking lot. At this time, an agent observed a blue Dodge 4-door, later determined to be a rental car, arrive in the parking lot. The agent then observed the CS drive alone into the parking lot. A surveillance agent observed the CS meet with the driver of the Dodge, David Behar. Agents witnessed the CS provide Behar with a number of music compact discs and a bottle. The CS also spoke with the passenger of the Dodge, later identified as Lindsay Robin Hogue and the girlfriend of David Behar. (A small infant, Behar's daughter, was in the back seat of the vehicle.) Then, Lindsay Hogue exited the Dodge and met with David Behar and the CS. Minutes later, two agents, working in an undercover capacity, drove a vehicle to the meeting. The CS introduced David Behar to these agents. The undercover agents shook hands with David Behar. David Behar introduced Lindsay Hogue and his infant daughter to the agents. The undercover agents spoke to the CS, David Behar, and Lindsay Hogue. The CS asked if the undercover agent had anything to show David Behar. One of the agents showed a Starbucks paper bag containing $82,500.00 to David Behar. At this time, Lindsay Hogue was standing within view of the undercover vehicle and in close proximity to David Behar. David Behar viewed the $82,500.00, and asked if the currency was all in one-hundred dollar denominations. The undercover agent confirmed that it was. David Behar then said, "That should be eighty..." The CS said "$82,500.00." David Behar replied, "It's all good." David Behar then instructed the CS to get a room. David Behar also said, "We'll get a room" and told the CS to follow him. The

3

CS told David Behar that he/she will get a room, and call David Behar later. The undercover agents left the area as the CS walked to his/her vehicle. Soon thereafter, the CS departed the area, and David Behar, Lindsay Hogue and the infant drove away in the Dodge, driving south on Highway 17 toward Santa Cruz and followed by agents.

While driving, David Behar called the CS, who was en route to a hotel. David Behar asked the CS how long the CS had known one of the agents because the agents looked "too clean." David Behar told the CS that he, David Behar, would just go grab "it" and have "it" by the time the CS checked into a room.

At approximately 12:28 p.m., agents witnessed the CS receive an incoming call. Following the call, the CS reported that David Behar had called the CS to say that he was stopping at a "buddy's" house twenty minutes away from Santa Cruz.

At approximately 12:53 p.m., agents observed the Dodge park in the driveway of 811 Smith Road, Watsonville, California. At approximately 1:15 p.m., agents observed the Dodge depart the driveway.

At approximately 1:16 p.m., the CS received another phone call. Following the call, the CS informed DEA agents that David Behar told the CS that they would meet at the prearranged hotel, known to be the Hampton Inn located at 1505 Ocean Street, Santa, Cruz, California in twenty minutes. David Behar told the CS, "It's all there."

At approximately, 1:23 p.m., the CS arrived at the Hampton Inn. At approximately 1:51 p.m., agents observed the Dodge, driven by Lindsay Hogue, turn into the parking lot of the Hampton Inn. David Behar exited the passenger side of the Dodge, and called the CS. He then entered the passenger side of the CS's vehicle. The CS asked if David Behar got "it," referring to the five (5) grams of LSD. In response, David Behar removed a small tinted glass bottle from his sweatshirt pocket. The CS saw "flakes" in the bottle, and then made the predetermined "bust signal." Upon the approach of law enforcement vehicles, David Behar asked the CS if the cars were police, and whether the CS was "setting [him] up." Agents moved in and arrested David

4

Behar. In searching David Behar, an agent removed the contents of David Behar's pockets onto the pavement. David Behar then attempted to kick the aforementioned small tinted bottle under a vehicle. Agents seized approximately $5,500.00 U.S. Currency from the purse of Lindsay Hogue.

At approximately 3:25 p.m., other agents observed a vehicle, driven by a female, leave the residence at 811 Smith Road, Watsonville, California, and followed it. Agents observed the vehicle drive in a manner consistent with counter-surveillance techniques, e.g. the agents observed the vehicle stop on the side of the road, the two occupants looked around, apparently to determine whether or not they were being followed, and quickly made a U-turn. The vehicle was then stopped by agents, who identified the driver as Tara Bergstrand. Tara Bergstrand informed the agents that she lived at the residence located at 811 Smith Road, Watsonville, California. Agents found approximately $900.00 on her person. In the center console of the vehicle, agents located a document which appeared to be a record of monies paid out and owed in connection with narcotics trafficking activities (a "pay/owe" sheet), reflecting amounts ranging from $2,500 to $11,200.00. Agents also located approximately $1,300.00 on the person of the passenger, identified as John Roger Lagace. John Lagace requested to retrieve a jacket from the trunk of the vehicle. In the jacket, agents located another possible "pay/owe" sheet. John Lagace informed the agents that he lived with various "friends," and had been visiting the residence of 811 Smith Road, Watsonville, California, for "the last couple of weeks," but did not own that residence. John Lagace stated that a "little while ago" a male, a female, and a baby had come to the house.

At approximately 5:20 p.m., agents, fearing the destruction of evidence, entered the residence, which was "frozen" in anticipation of the authorizing of a search warrant. Upon entry into the residence, agents detected a strong smell of Marijuana. In plain view, agents observed one plate in the kitchen and two plates in a bedroom all with various colors of "orange goo" (believed to be DMT) on them.

At approximately 9:40 p.m., agents obtained a search warrant from the Honorable United

States Magistrate Judge Howard R. Lloyd authorizing the search of the residence located at 811 Smith Road, Watsonville, California, and duly searched the residence. They located marijuana in various locations in the residence. In the closet of the master bedroom, where there was male and female clothing, agents found a safe. Inside the safe, agents found a handwritten receipt dated July 3, 2007, upon which was written "Received from Tara Bergstand $3,900 security deposit and $2600 first month's rent for 811 Smith Road Watsonville, CA 95076 Tenancy to start July 10, 2007." Agents also located documents in the name of John Lagace within the safe. Agent further located approximately $6,000.00 in one hundred dollar bills, approximately nine (9) gold coins and approximately three (3) silver bars in the safe. Agent further located several small glass bottles of similar shape, size, and color as the bottle that was seized earlier on November 29, 2007, during a law enforcement "buy/bust" operation for five (5) grams of LSD, which is currently being tested. Each bottle retrieved from the safe contained a substance believed to be a controlled substance. Also located in the safe was a box containing a digital scale and black tape similar to the black tape wrapped on the bottle seized during the buy/bust operation on November 29, 2007.

Based on my training and experience, I am aware that LSD is a very dangerous substance, and is usually sold and ingested after it is applied to paper for individual doses. In crystal form, LSD is very potent. Typically one gram of crystal LSD can create approximately one thousand individual paper doses. Due to the high potency of LSD in crystal form, I believe testing crystal LSD in the field is unsafe. For this reason, the investigating agents did not conduct a field testing of the crystal LSD. Based on the arranged sale for the purchase of LSD, and the representations of Behar, I believe there is probable cause to believe that the seized substance is in fact crystal LSD. The seized crystal LSD will be transported to the DEA Laboratory for testing by trained DEA Chemists.

### III. CONCLUSION

Based on the foregoing, I believe that there is probable cause to believe that David Behar,

1  Lindsay Hogue, Tara Bergstand, and John Lagace are each guilty of a violation of Title 21,
2  U.S.C., §§ 841(a)(1), 841(b)(1)(B)(v) and 846, conspiracy to possess with intent to distribute
3  Lysergic Acid Diethylamide (also known as LSD). I therefore request the issuance of a criminal
4  complaint against David Behar, Lindsay Hogue, Tara Bergstand, and John Lagace for this
5  offense.

_____
Michael K. Robinson, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
before me this _30_ day of November 2007

_____
HOWARD R. LLOYD
United States Magistrate Judge
Northern District of California

7