JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-2695
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-00088-JW |
|    Plaintiff, ) | |
| ) | UNITED STATES' SENTENCING |
| v. ) | MEMORANDUM |
| ) | |
| DAVID LOUIS BEHAR, ) | |
| ) | Date: September 15, 2008 |
|    Defendant. ) | Time: 1:30 p.m. |

**INTRODUCTION**

The United States hereby submits its sentencing memorandum in the above-referenced case. On February 21, 2008, before Magistrate Judge Trumbull, Mr. Behar pled not guilty following arraignment on a three-count information charging him with one count of conspiracy to distribute 5 grams and more of lysergic acid diethylamide (hereinafter referred to as "LSD") in violation of 21 U.S.C. § 846.  On April 29, 2008, before this court, Mr. Behar changed his plea and pled guilty to count one of the information pursuant to a plea agreement.  Mr. Behar is scheduled to be sentenced on September 15, 2008.  The government agrees with Probation Officer Aylin Raya's guideline calculation and sentencing recommendation of 46 months imprisonment.

## SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("USSG"), which are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and due to the type and quantity of drugs the defendant possessed (5 grams of LSD), his base offense level is 28. [PSR 7. USSG § 2D1.1(c)(6)] Because the defendant satisfied the requirements of USSG § 5C1.2(a)(1)-(5), also known as "safety valve", the United States moves for a 2-level reduction in the defendant's base offense level, placing the defendant at level 26. Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 23. [PSR 7.] In the plea agreement, the parties agreed to this adjusted offense level.

The government and the Probation Officer calculate that the defendant has one criminal history point, and therefore, falls into Criminal History Category I. [PSR 8.] An adjusted offense level of 23 when indexed with a Criminal History Category of I yields a guideline range of 46-57 months imprisonment. Under 21 U.S.C. § 841(b)(1)(B)(v), the mandatory minimum sentence of 60 months applies to this quantity of LSD. Since defendant is eligible for and receives the benefit of "safety valve," the mandatory minimum sentence of 60 months in custody is not required. Probation Officer Raya recommends a sentence of 46 months imprisonment and a $100 special assessment. [PSR Addendum.] Probation Officer Raya also recommends that the defendant be placed on supervised release for seven years and that no restitution be imposed. [PSR Addendum.]

The government has reviewed the presentence report and has no objection to the factual information contained therein. The government agrees with Probation Officer Raya's guideline calculation, and agrees that a reasonable and just sentence in this case would be 46 months in custody.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the defendant be sentenced to the low-end of the applicable guideline range, that is 46 months in custody, a term of supervised release of 7 years, no fine, and a $100 special assessment.

1  This defendant possessed a substantial quantity of LSD.  According the DEA, one gram of crystal LSD may produce 1,000 individual doses.  Therefore, this defendant possessed roughly 5,000 individual dosage units of LSD.

The drugs possessed by the defendant, in particular, this quantity of LSD, had the potential to impact a significant portion of the community.  Furthermore, the defendant drove a vehicle to the drug sale with his 8-month-old daughter and 5 grams of liquid LSD in his pocket.  The defendant ignored the risks posed by bringing a baby to sell drugs.  A guideline sentence will serve to deter this type of reckless behavior.

DATED: September 8, 2008            Respectfully submitted,

                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney

                                              ___/s/_____
                                              JEFFREY B. SCHENK
                                              Assistant United States Attorney